**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LEONARD FABIAN PELLINGTON, | : : : | |
| Petitioner, | : : | Civil Action No. 13-706 (FLW) |
| v. | : : : | **OPINION** |
| BARRY NADROWSKI, et al., | : : : | |
| Respondents. | : : | |

**APPEARANCES:**

**LEONARD FABIAN PELLINGTON**, Petitioner pro se
A-3 WEST
Hudson County Correctional Center
F/2 A205307577
35 Hackensack Avenue
Kearny, N.J. 07032

**KRISTIN LYNN VASSALLO**, Counsel for Respondents
Office of the U.S. Attorney
District of New Jersey
970 Broad Street
Newark, N.J. 07102

**WOLFSON, United States District Judge:**

      Leonard Fabian Pellington ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Correctional Center in Kearny, New Jersey, pending his removal from the United States.[1] On or

---

[1] Petitioner was detained at the Monmouth County Correctional Institution in Freehold, New Jersey at the time of filing and was subsequently transferred to the Hudson County facility.

about February 1, 2013, Petitioner filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his mandatory pre-removal detention.  For the reasons stated below, the Court grants Petitioner's request for habeas relief, and directs an Immigration Judge to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a)(2), to determine if Petitioner is a flight risk or danger to the community.[2]

**I. BACKGROUND**

Petitioner states that he is a native and citizen of Jamaica. (Pet. ¶ 15.)  He has lived in the United States since January 2000.  (*Id.*)  On or about February 20, 2004, Petitioner was convicted in Orange County Court for criminal possession of a controlled substance (cocaine) in the fourth degree in violation of New York Penal Law ("NYPL") § 220.09(1).  (Resp'ts' Br., Declaration of Christopher Harrigan, dated March 15, 2013 ("Harrigan Decl.") ¶ 4; Ex. A, Sentence and Commitment, at 1.)  Petitioner was sentenced to time served and a five-year probation term.  (*Id.*)  Petitioner has since filed a motion to vacate that conviction, which is still pending before the county court.  (Pet. ¶ 17.)

On March 25, 2004, Petitioner was convicted in Beacon City Court for criminal possession of marijuana in the fifth degree in violation of NYPL § 221.10(2).  (Resp'ts' Br., Harrigan Decl. ¶ 5, Ex. B, Certificate of Disposition, at 1.)  Petitioner was sentenced to a conditional discharge and a fine.  (*Id.*)  In 2012, Petitioner filed a motion to vacate his plea to that charge, which was granted, and Petitioner pled guilty to disorderly conduct instead.  (Pet. ¶ 17.)

---

[2] Petitioner also has named various federal officials as respondents. The only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held.  Accordingly, Oscar Aviles, substituted for Barry Nadrowski, is the only properly named respondent in this action, and the other named respondents shall be dismissed from this action with prejudice. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

On March 1, 2012, the New York Police Department arrested Petitioner in New Windsor, New York and charged him with criminal possession of marijuana in the first and second degrees and unlawful possession of marijuana. (Resp'ts' Br., Harrigan Decl. ¶ 6.) On February 28, 2013, the New Windsor Town Court adjourned Petitioner's criminal proceedings on those charges in contemplation of dismissal. (*Id.*)

On March 9, 2012, ICE issued a Notice to Appear, which alleges that Petitioner has "remained in the United States beyond one year without authorization." (Pet. at ¶ 19.) Also on that date, the supervising deportation officer issued a "Notice of Custody Determination" finding that Petitioner must be detained pending his removal, and he may not seek review of said determination by an immigration judge, because the Immigration and Nationality Act prohibits his release. (Resp'ts' Br., Ex. D., Notice of Custody Determination.) On or about April 3, 2012, Petitioner's attorney filed a "Motion for Bond Hearing." (*Id.* at Ex. F, Notice of Entry of Appearance, at 1-4.) In his petition, Petitioner states that the immigration judge conducted a hearing on April 12, 2012 and determined that Petitioner was subject to mandatory detention under section 236(c) of the INA as a result of his 2004 convictions. (Pet. ¶ 20.) Petitioner appeared with his attorney for a master calendar hearing on June 13, 2012, admitted the allegations in the notice to appear, and conceded removability. (Resp'ts' Br., Harrigan Decl. ¶ 11.)

After several master calendar hearing appearances and adjournments, Petitioner's immigration proceedings were adjourned until March 6, 2013, pending U.S. Citizenship and Immigration Services' adjudication of an immigrant visa petition that Petitioner's spouse filed on his behalf. (*Id.* at Ex. M, Notice of Hearing, at 1-2.) The Immigration Judge thereafter adjourned proceedings until May 23rd, when a merits hearing on Petitioner's applications will be

conducted. (*Id.* at Ex. N, Notice of Hearing, at 1-2.) On March 14, 2013, ICE filed a Form I-261, Additional Charges of Inadmissibility/Deportability, charging him with an additional ground of removability pursuant to 8 U.S.C. § 1227(a)(1)(A) for his February 20, 2004 conviction for cocaine possession. (Resp'ts' Br., Harrigan Decl. ¶ 18; Ex. O, I-261 Additional Charges of Inadmissibility/Deportability, at 1.)

On February 1, 2013, Petitioner filed the instant Petition for a Writ of Habeas Corpus asserting that because he was "neither incarcerated not [sic] detained as a result of his 2004 convictions; he was never 'released' as required by section 236(c)"[3] and that even if he had been "released" from criminal custody from his 2004 convictions, he was not detained immediately after his release and therefore is not subject to mandatory detention under 8 U.S.C. § 1226(c). Pet. ¶ 28. Specifically, Petitioner argues that he "was not taken into ICE custody until March 9, 2012, eight years after he took guilty pleas to offenses which subjected him to mandatory detention." (Pet. ¶ 12.)

Respondents filed a response on March 15, 2013, arguing that § 1226(c) authorizes Petitioner's pre-removal mandatory detention. (ECF No. 10.) Respondents initially argue that the Court should stay this case pending a decision by the Third Circuit in *Sylvain v. Holder*, No. 11-3357 (3d Cir. Docketed Aug. 31, 2011) or *Desrosiers v. Hendricks*, No. 12-1053 (3d Cir. Docketed Jan. 11, 2012).[4] Should this Court decline to stay the case, Respondents argue that the petition should be denied. The response relies, in large part, on what Respondents perceive as an ambiguity in the phrase "when … released" found in § 1226(c). This ambiguity, Respondents

---

[3] The Court does not reach the merits of this argument as it finds that Petitioner warrants relief based on his claims regarding the "when…released" issue.

[4] The Third Circuit held oral argument on March 19, 2013 in *Sylvain* and argument is scheduled for May 6, 2013 in *Desrosiers*.

claim, requires this Court to defer, under *Chevron USA, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), to a ruling by the Board of Immigration Appeals ("BIA") finding an alien subject to mandatory detention despite the fact that he was not taken into custody immediately upon his release.

## II.  DISCUSSION

### A. Legal Standard

### 1. Jurisdiction

Under 28 U.S.C § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of DHS/ICE at the time he filed his petition, *see Spencer v. Kenna*, 523 U.S. 1, 7 (1998), and because Petitioner asserts that his mandatory detention is not statutorily authorized by 8 U.S.C § 1226(c). *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Diop v. ICE/Homeland Security*, 656 F.3d 221, 226 (3d Cir. 2011).

### 2.  Relevant Statutes

Section 1226 governs the pre-removal detention of an alien.  Section 1226(a) authorizes the Attorney General to arrest and detain an alien pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c).  *See* 8 U.S.C. § 1226(a). Detention under section 1226(a) is discretionary – the Attorney General may release the alien on

bond or parole.  An alien also has the right to a hearing before an immigration judge to determine whether the alien should be released on bond, pending any challenge to removal and a decision as to whether that alien is to be removed.  *Id.*  However, the exception in § 1226(c) commands that the Attorney General "shall take into custody any alien … when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense."  8 U.S.C. § 1226(c)(1).  An alien detained under § 1226(c) must be detained until his removal is final, regardless of whether he is a flight risk or danger to the community, unless the Attorney General determines that the alien should be part of the federal witness protection program, and provided that detention has not become unreasonably prolonged.  *See Diop*, 656 F.3d at 232 ("At a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community").  Section 1226 provides in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General —
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on —
>>
>>> (A) bond of at least $1,500; or
>>>
>>> (B) conditional parole; but
>
> …

>(c) Detention of criminal aliens
>
>>(1) Custody
>
>>The Attorney General shall take into custody any alien who —
>
>>>(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
>>>(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
>>>(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
>>>(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
>>when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense….

8 U.S.C. § 1226.

**B. Analysis**

At the outset, the Court declines to stay this case, as urged by Respondents, and the Court will review the Petition on its merits.

Petitioner argues that he should not be subject to mandatory detention under § 1226(c) based upon his 2004 drug conviction because ICE did not immediately detain him when he was released from custody for the alleged removable offense approximately eight years ago. Based on the term "when ... released" under Section 1226(c), Petitioner argues that ICE is required to immediately detain an alien upon release from criminal incarceration. Respondents argue that the phrase "when the alien is released" in the statute is ambiguous and due to that ambiguity, this

7

Court should defer, under *Chevron USA, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), to the BIA's interpretation of § 1226(c) in *Matter of Rojas*, 23 I. & N. Dec. 117 (BIA 2001).  In the *Matter of Rojas*, the BIA held that ICE has mandatory detention authority over an alien that has been released from criminal custody for an enumerated offense, and the detention does not need to be immediate based on the objective and design of the statute as a whole.  23 I. & N. Dec. 117 at 122.

In making that argument, Respondents are asking this Court to reconsider and depart from its prior rulings regarding the interpretation of § 1226(c) in *Christie v. Elwood*, Civil No. 11-7070(FLW), 2012 WL 266454, at *7-9 (D.N.J. Jan. 30, 2012); *Kot v. Elwood*, Civil No. 12-1720(FLW), 2012 WL 1565438, at *5-9 (D.N.J. May 2, 2012); *Nimako v. Shanahan*, No. 12-4909 (FLW), 2012 WL 4121102, at *7-8 (D.N.J. Sept. 18, 2012); *Baguidy v. Elwood*, No. 12-4635(FLW), 2012 WL 5406193, at *8-10 (D.N.J. Nov. 5, 2012); *Kerr v. Elwood*, No. 12-6330(FLW), 2012 WL 5465492 (D.N.J. Nov. 8, 2012), all of which dealt with facts substantially similar to those at bar.

This Court recently addressed nearly identical arguments from the Government in *Gayle v. Napolitano, et al.*, Civil No. 12–2806 (FLW), 2013 WL 1090993 (D.N.J. March 15, 2013).  In that case, as in previous holdings, this Court once again found that it was not required to defer to the BIA's interpretation of § 1226(c) where the BIA's interpretation of "when released" is contrary to the plain meaning of the statute.  *Gayl*e, 2013 WL 1090993 at *5–6.  This Court concurred with the interpretation of § 1226(c) by the United States Court of Appeals for the First Circuit in *Saysana v. Gillen*, 590 F.3d 7, (1st Cir. 2009), which held that, "because the plain meaning of § 1226(c) was contrary to the BIA's reading of the statute, *Chevron* deference was not permissible."  *Id.* (citing *Saysana*, 590 F.3d at 13).

Despite the substantial amount of case law from this Court taking the contrary position, Respondents urge the Court to follow a recent decision issued by the United States Court of Appeals for the Fourth Circuit in which the Fourth Circuit found the word "when" in § 1226(c) to be ambiguous, and thus, deferred to *Rojas*. *Hosh v. Lucero*, 680 F.3d 375 (4th Cir. 2012). As discussed by this Court in *Gayle*, Respondents have not persuaded this Court to follow the reasoning or the result of the Fourth Circuit; indeed, its analysis, based upon resorting to dictionary definitions of "when" as opposed to looking to the context of how "when" is used in § 1226(c), is unpersuasive. Neither the BIA nor the Fourth Circuit explains how the words "[t]he Attorney General shall take into custody any alien ... when the alien is released" can be read to state that "[t]he Attorney General shall take into custody any alien ... any time after the alien is released." As also discussed in *Gayle* and throughout this Opinion, the context makes it abundantly clear that "when" requires immediacy and as such, this Court declines to adopt the holding of the Fourth Circuit in *Hosh* and will once again follow the holding of the First Circuit in *Saysana*.

Respondents further argue that even if § 1226(c) requires immediacy, as this Court finds that it does, this Court does not have the power to order coercive sanctions in this case. The Government's argument is wholly misplaced. Contrary to the Government's characterization, the Court is not sanctioning the Government for its failure to detain Petitioner immediately. Rather, the Court finds that, in the absence of the immediacy required by § 1226(c), the relevant authority for the Government's detention of Petitioner is § 1226(a), and that the detention is subject to the criteria set forth in that section, including the right to a hearing before an immigration judge to determine if Petitioner can be released on bond pending his challenge to removal. In other words, the Court is not stripping Respondents of their power to act, nor is it

9

ordering that Petitioner be released. Simply put, the Government failed to comply with the unambiguous terms of § 1226(c), and therefore, the Government's detention of Petitioner is not authorized by § 1226(c); instead it falls under the ambit § 1226(a).

### III.  CONCLUSION

For the foregoing reasons, the Court holds that Petitioner is not subject to the mandatory detention authorized by § 1226(c) because the Government did not take him into custody immediately. Petitioner's pre-removal detention is instead governed by 8 U.S.C. § 1226(a), which authorizes an Immigration Judge to release him on bond if he is neither a flight risk nor a danger to the community.

This Court grants the Writ of Habeas Corpus and directs that an Immigration Judge provide Petitioner with an individualized bond hearing, pursuant to 8 U.S.C. § 1226(a)(2), to determine if he is a flight risk or danger to the community, within 10 days of the date of the entry of the Order accompanying this Opinion.

Dated: April 1, 2013

s/Freda L. Wolfson  
FREDA L. WOLFSON  
United States District Judge